UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VERONICA B.,

        **Plaintiff,**

                                          **Case No. 3:20-cv-6950**

    v.                                       **Magistrate Judge Norah McCann King**

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security,**

        **Defendant.**

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Veronica B. for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*[1] Plaintiff appeals from the final decision of the Commissioner of Social Security denying that application.[2] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the action for further proceedings.

## I.    PROCEDURAL HISTORY

On June 14, 2016, Plaintiff filed her application for benefits, alleging that she has been disabled since May 9, 2005. R. 258–63. The application was denied initially and upon reconsideration. R. 184–91. Plaintiff sought a *de novo* hearing before an administrative law

---

[1] Plaintiff withdrew her disabled adult child application. R. 16.
[2] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

judge. R. 192–94. Administrative Law Judge ("ALJ") Myriam C. Fernandez Rice held a hearing

on October 16, 2018, at which Plaintiff, who was represented by counsel, testified, as did a

vocational expert. R. 43–98. In a decision dated February 8, 2019, the ALJ concluded that

Plaintiff was not disabled within the meaning of the Social Security Act from June 14, 2016, the

application date, through the date of that decision. R. 16–31. That decision became the final

decision of the Acting Commissioner of Social Security when the Appeals Council declined

review on April 28, 2020. R. 1–7. Plaintiff timely filed this appeal pursuant to 42 U.S.C. §

405(g). ECF No. 1. On January 11, 2021, Plaintiff consented to disposition of the matter by a

United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules

of Civil Procedure. ECF No. 17.[3] On that same day, the case was reassigned to the undersigned.

ECF No. 18. The matter is ripe for disposition.

## II.    LEGAL STANDARD

### A.    Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the

authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204

F.3d 78, 83 (3d Cir. 2000).  In contrast, the Court reviews the ALJ's factual findings to

determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d

Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). The United States Supreme Court has

explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing
> administrative record and asks whether it contains sufficien[t] evidence to support
> the agency's factual determinations. And whatever the meaning of substantial in
> other contexts, the threshold for such evidentiary sufficiency is not high.

---

[3]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases
seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot
Project (D.N.J. Apr. 2, 2018).

> Substantial evidence, this Court has said, is more than a mere scintilla. It means –
> and means only – such relevant evidence as a reasonable mind might accept as
> adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks

omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Bailey v. Comm'r of Soc.*

*Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-

2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot

be set aside merely because the Court "acting de novo might have reached a different

conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g., Fargnoli*

*v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported

by substantial evidence, we are bound by those findings, even if we would have decided the

factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*,

2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or

substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d

1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic

or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)

("The search for substantial evidence is thus a qualitative exercise without which our review of

social security disability cases ceases to be merely deferential and becomes instead a sham.");

*Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016).

The Court has a duty to "review the evidence in its totality" and "take into account whatever in

the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf*

*v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter*

*v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the
> weight [s/]he has given to obviously probative exhibits, to say that [the] decision is

supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

**B.      Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b).  If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the

impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.     ALJ DECISION AND APPELLATE ISSUES

The Plaintiff was 25 years old on June 14, 2016, *i.e.,* the date on which her application was filed. R. 29. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between that date and the date of the administrative decision. R. 18.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: peripheral neuropathy, recent ankle ligament repair, spine disorder, and anxiety. *Id.* The ALJ also found that Plaintiff's diagnosed obesity, history of cirrhosis, and history of alcohol and substance addiction disorders, and her alleged gastrointestinal issues, were not severe impairments. R. 19.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 19–22.

At step four, the ALJ found that Plaintiff had the RFC to perform light work subject to various additional limitations. R. 22–29. The ALJ also found that Plaintiff had no past relevant work. R. 29.

At step five, the ALJ found that a significant number of unskilled jobs–*i.e.*, approximately 671,780 jobs as a routing clerk; approximately 926,240 jobs as a cleaner; approximately 85,800 jobs as a mail clerk–existed in the national economy and could be performed by an individual with Plaintiff's vocational profile and RFC. R. 29–30. The ALJ also noted that the vocational expert further testified that, "even with additional limitations to sedentary-level exertion activities," Plaintiff would still be able to perform a significant number of unskilled jobs–*i.e.*, approximately 2,967,920 jobs as a document preparer; approximately 65,200 jobs as an address clerk; approximately 537,500 jobs as a dowel inspector–that existed in

the national economy. R. 30. The ALJ therefore concluded that Plaintiff was not disabled within

the meaning of the Social Security Act from June 14, 2016, Plaintiff's application date, through

the date of the decision. R. 31.

Plaintiff disagrees with the ALJ's findings at step four and asks that the decision of the

Acting Commissioner be reversed and remanded with directions for the granting of benefits or,

alternatively, for further proceedings. *Plaintiff's Brief,* ECF No. 21; *Plaintiff's Reply Brief*, ECF

No. 23. The Acting Commissioner takes the position that her decision should be affirmed in its

entirety because the ALJ's decision correctly applied the governing legal standards, reflected

consideration of the entire record, and was supported by sufficient explanation and substantial

evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1,* ECF No. 22.

## IV.    DISCUSSION

Plaintiff raises a number of challenges to the ALJ's decision, including, *inter alia*, the

ALJ's determination of Plaintiff's RFC as it relates to limitations in Plaintiff's ability to interact

with other people. *Plaintiff's Brief*, ECF No. 21, pp. 14, 18–19, 30; *Plaintiff's Reply Brief*, ECF

No. 23, pp. 2–3, 5–7. Specifically, Plaintiff notes that the ALJ found that Plaintiff had moderate

limitations in her ability to interact with others and credited a medical opinion that found, *inter

alia*, that Plaintiff was moderately limited in her ability to interact appropriately with the general

public and in her ability to accept instructions and respond appropriately to criticism from

supervisors. R. 21, 27. Plaintiff argues that, despite these findings, the RFC, which limited

Plaintiff to only occasional interaction with co-workers and the public, was silent as to Plaintiff's

ability to interact with supervisors. *Id*. Plaintiff contends that this omission, as well as the ALJ's

failure to explain this omission, is outcome determinative and precludes judicial review. *Id*. This

Court agrees.

A claimant's RFC is the most that a claimant can do despite her limitations. 20 C.F.R. §

416.945(a)(1). At the administrative hearing stage, the ALJ is charged with determining the

claimant's RFC. 20 C.F.R. §§ 416.927(e), 416.946(c); *see also Chandler v. Comm'r of Soc. Sec.*,

667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State

agency consultants—must make the ultimate disability and RFC determinations.") (citations

omitted). When determining a claimant's RFC, an ALJ must consider all the evidence. *Plummer*

*v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, the ALJ need include only "credibly

established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also*

*Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to choose

whether to include "a limitation [that] is supported by medical evidence, but is opposed by other

evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence

of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to

include a limitation that is not supported by any medical evidence if the ALJ finds the

impairment otherwise credible").

In the case presently before the Court, at step four of the sequential evaluation, the ALJ

found that Plaintiff had the RFC to perform a reduced range of light work subject to certain

additional limitations:

> After careful consideration of the entire record, the undersigned finds that the
> claimant has the residual functional capacity to perform light work as defined in 20
> CFR 416.967(b), subject to the following limitations: no climbing ladders, ropes,
> or scaffolds; occasionally stoop, kneel, crouch, crawl, balance, and climb ramps
> and/ or stairs; use a handheld device for uneven terrain and prolonged ambulation;
> frequent gross and fine manipulation; and limited to simple, routine, and repetitive
> tasks with *only occasional interaction with the public and coworkers*.

R. 22 (emphasis added). In making this determination, the ALJ considered the opinion of

reviewing state agency experts, including the opinions of, *inter alios*, Jane Cormier, Ph.D. R. 27.

9

Dr. Cormier conducted an initial review of Plaintiff's medical record on behalf of the state

agency on October 24, 2016, R. 161−63, and opined, *inter alia*, that Plaintiff had moderate

limitations in her abilities to interact appropriately with the general public, to accept instructions

and respond appropriately to criticism from supervisors, and to maintain socially appropriate

behavior and to adhere to basic standards of neatness and cleanliness. R. 162. Dr. Cormier also

found that Plaintiff was not significantly limited in her ability to get along with coworkers or

peers without distracting them or exhibiting behavioral extremes. *Id*. In her decision, the ALJ

assigned "significant weight" to Dr. Cormier's opinion, explaining as follows:

> State agency reviewing psychologist Jane Cormier, Ph.D., completed a mental
> residual functional capacity assessment in October 2016. Dr. Cormier offered her
> opinion that the claimant was capable of carrying out both simple and detailed tasks
> on a reasonably sustained basis. She noted that the claimant *may have some
> difficulty working closely with the public and with direction and criticism, although
> she appeared capable of appropriate interaction with coworkers*. Dr. Cormier
> further opined that the claimant was limited to adapting to basic changes in routine
> (Exhibit 2A, pages 15-17).
>
> The undersigned *gives significant weight to the opinion of Dr. Cormier*, as it is
> generally consistent with the objective signs and findings in the preponderance of
> the record, including the records submitted after her assessment. *As discussed
> above, the record supports findings of no more than moderate impairment in mental
> functioning, which is consistent with Dr. Cormier's assessment.* However, her
> opinion was somewhat vague, as she did not indicate to what extent the claimant
> was limited to working with the public. *When considering the claimant's moderate
> impairment in social functioning, the undersigned has limited her to occasional
> interaction with the public. The undersigned has given additional consideration to
> the claimant's complaints of anxiety around others by further limiting her to
> occasional interaction with coworkers.* Moreover, although Dr. Cormier indicated
> the claimant could perform both simple and detailed tasks, the undersigned finds
> that the claimant's anxiety would limit her to simple, routine, repetitive tasks.

R. 27 (emphasis added). Plaintiff argues that, although the ALJ accepted this opinion by

assigning it "significant weight," the ALJ nevertheless failed to incorporate into the RFC the

opinion that Plaintiff was also moderately limited in her ability to accept instructions and

respond appropriately to criticism from supervisors. *Plaintiff's Brief*, ECF No. 21, pp. 14, 18−19,

30; *Plaintiff's Reply Brief*, ECF No. 23, pp. 2–3, 5–7. Plaintiff argues that the ALJ's omission in this regard, and her failure to explain this omission, requires remand, particularly where an inability to respond appropriately to supervision will substantially erode the unskilled occupational skill base. *Plaintiff's Brief*, ECF No. 21, p. 30; *Plaintiff's Reply Brief*, ECF No. 23, pp. 5–7. The Commissioner does not respond specifically to these arguments, but instead generally argues that the ALJ properly evaluated the medical opinion evidence and that substantial evidence supports the RFC finding. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 22, pp. 12–17.

Plaintiff's arguments are well taken. "The public, supervisors, and co-workers are distinct groups, and are separately addressed on the mental RFC forms. Thus, limitations on one type of interaction in the RFC does not account for limitations on the others." *Grinolds v. Colvin*, No. 15-30, 2015 WL 5178184, at *2 (W.D. Pa. Sept. 4, 2015); *see also Michelle A. v. Saul*, No. 19-CV-00991-MJR, 2020 WL 7223235, at *5 (W.D.N.Y. Dec. 8, 2020) ("The public, supervisors, and co-workers are distinct groups, and are separately addressed on the [Commissioner's] mental residual capacity forms. Thus, limitations on two of these types of interactions does not account for limitations on the third.") (internal quotation marks and citations omitted). Notably, "an inability to appropriately interact with or respond to criticism from supervisors is distinct from an inability to interact with either coworkers or the public. Indeed, the Social Security regulations treat the abilities to respond appropriately to 'supervision' and to get along with 'coworkers" as separate aspects of the 'basic mental demands' of unskilled work, noting that the 'substantial loss of ability to meet' any basic mental demand could 'severely limit the potential occupational base.'" *Melissa R. v. Berryhill*, No. 2:17-CV-07716-AFM, 2018 WL 6507898, at *4 (C.D. Cal. Dec. 11, 2018) (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)); *see also Tschannen v.*

*Colvin*, No. 15-182, 2015 WL 7012531, at *1–2 (W.D. Pa. Nov. 12, 2015) ("[I]t is unclear how

the RFC accommodates Plaintiff's moderate social limitations assigned by Dr. Brace and Dr.

Newman. Those limitations were, apparently, accepted by the ALJ, but the RFC includes

limitations relating only to supervisors and the public. . . . While the ALJ is certainly entitled to

exclude limitations from an RFC, he must explain why he is doing so."). As Plaintiff observes,

the ALJ apparently credited Dr. Cormier's opinion that Plaintiff was moderately limited in her

ability to accept instructions and respond appropriately to criticism from supervisors, R. 27, 162,

and the ALJ found that Plaintiff had moderate limitations in interacting with "others[,]" R. 21.

However, although the ALJ specifically found that Plaintiff should have only occasional

interaction with the public and co-workers, the administrative decision is silent as to any

limitation in Plaintiff's ability to interact with supervisors. R. 22–31. Moreover, the ALJ failed

to explain this omission. *Id.*

The ALJ's failures in this regard cannot be viewed as harmless. *See Capo v. Comm'r of

Soc. Sec.*, No. CV 2:17-1280, 2018 WL 5982435, at *4 (W.D. Pa. Nov. 13, 2018) (remanding

action where the "Plaintiff correctly argues that the ALJ's RFC finding [that limited the plaintiff,

*inter alia*, to only occasional public interaction, but containing no similar restrictions as to

Plaintiff's interactions with supervisors and/or co-workers] appears inconsistent with his

acceptance of Dr. Marion's moderate limitations, specifically, the moderate limitation on

interactions with supervisors and/or co-workers. Although the ALJ is entitled to reject limitations

that are unsupported by the record, he must provide the reasons for discounting that evidence");

*Tschannen*, 2015 WL 7012531, at *1–2. Accordingly, considering this inconsistency and the

ALJ's failure to explain this inconsistency, this Court cannot conclude that substantial evidence

supports the ALJ's RFC determination. *See id.*; *Sanford v. Comm'r of Soc. Sec.*, No. CIV. 13-

0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014) ("The Third Circuit has held that

access to the Commissioner's reasoning is [ ] essential to a meaningful court review.") (citing

*Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

This Court concludes that remand of the matter for further consideration is appropriate

even if, upon further examination of these issues, the ALJ again concludes that Plaintiff is not

entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL

5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion,

but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-

12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide

an adequate explanation that would enable meaningful review, and the Court once more cannot

determine what role lay speculation played in the ALJ's rejection of this detailed functional

assessment from Dr. Marks."); *Cassidy v. Colvin*, No. 2:13-1203, 2014 WL 2041734, at *10 n.3

(W.D. Pa. May 16, 2014) ("Nevertheless, that the ALJ may have misinterpreted or

misunderstood Dr. Kaplan's findings with regard to Plaintiff's postural activities does not

absolve her of her error. Rather, it highlights the need for an ALJ to fully explain her findings.

Otherwise, the district court is left to engage in this sort of speculation about how an ALJ arrived

at her decision."). The Court therefore concludes that the decision of the Commissioner must be

reversed, and the matter must be remanded to the Commissioner for further consideration of this

issue.[4]

---

[4] Plaintiff asserts a number of other errors in the Commissioner's final decision. Because the
Court concludes that the matter must be remanded for further consideration of Dr. Cormier's
opinion and the RFC determination, the Court and does not consider those claims.

In addition, the Court notes that Plaintiff asks that this matter be reassigned to a different
administrative law judge upon remand. *Plaintiff's Brief*, ECF No. 21, p. 30 ("[T]he matter should
be remanded for consideration by a different ALJ, who did not pre-judge the case based on
mishearing or misstating the evidence, who might give this case fair consideration."); *Plaintiff's*

## V.    CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS**

the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42

U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  January 14, 2022                                      *s/Norah McCann King*
                                                            NORAH McCANN KING
                                                       UNITED STATES MAGISTRATE JUDGE

---

*Reply Brief*, ECF No. 23, p. 15 ("[I]f the case needs to be remanded, it should be sent to a new ALJ, because ALJ Fernandez-Rice prejudged this case based on misconceptions which utterly blinded her to this Plaintiff's predicament."). Plaintiff apparently bases this request on her assertion that the ALJ misstated the evidence when finding that Plaintiff's mother "also said she even bribed the claimant to work, without success." R. 28; *Plaintiff's Brief*, ECF No. 21, pp. 20−21. Plaintiff's mother testified at the hearing that she tried to persuade Plaintiff to take classes that interested her and "I've tried to bribe her to go shopping, buy clothes and she still − just doesn't wanna leave the house." R. 85. Even if the ALJ misstated Plaintiff's mother's testimony in this regard, the ALJ's single reference to this testimony in a sixteen-page decision and to which she assigned "little weight[,]" R. 28−29, does not establish that the ALJ subjected Plaintiff to "unwarranted hostility or bias" justifying reassignment to a new administrative law judge. *Fisher v. Comm'r of Soc. Sec.*, No. CV 20-1467, 2021 WL 4288313, at *6 (W.D. Pa. Sept. 21, 2021) (citations omitted). The Court therefore declines Plaintiff's request in this regard.