UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VERONICA A. BOYD,

      **Plaintiff,**

      v.

FRANK BISIGNANO,[1]
**Commissioner of Social Security,**

      **Defendant.**

Case No. 3:20-cv-6950
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). Motion for Attorney Fees ("Plaintiff's Motion"), ECF No 26. The Commissioner has responded separately to each fee request. Defendant's Response to Plaintiff's Counsel's Petition for Attorney's Fees under 42 U.S.C. § 406(b), ECF No. 28; Defendant's Response to Plaintiff's Counsel's Petition for Attorney's Fees under The Equal Access to Justice Act , ECF No. 29. For the reasons that follow, Plaintiff's Motion, as it relates to a fee under 42 U.S.C. § 406(b), is granted and, as it relates to a fee under the EAJA, is denied.

    I.    **BACKGROUND**

On June 7, 2020, Plaintiff filed this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), appealing from the final decision of the Commissioner of Social Security denying Plaintiff's application for Supplemental Security

---

[1] Frank Bisignano, the current Commissioner of Social Security, is substituted as Defendant in his official capacity. *See* Fed. R. Civ. P. 25(d).

1

Income under Title XVI of the Social Security Act, 42 §§ 1381 *et seq*. On January 14, 2022, this Court reversed the Commissioner's decision and remanded the matter to the Commissioner for further proceedings. Opinion and Order, ECF No. 24.[2] A separate final judgment was entered that same date. Final Judgment, ECF No. 25. Plaintiff's Motion was filed more than three years later, on February 14, 2025.

## II.    FEES UNDER THE EAJA

Plaintiff seeks a fee award under the EAJA, which authorizes, under certain ircumstances, an award to a "prevailing party other than the United States fees and other expenses. . . incurred by that party in any civil action. . . including proceedings for judicial review of agency action . . . ." 28 U.S.C. § 2412(d)(1)(A). However, a party who seeks an award of fees and expenses under the EAJA must submit the application for fees to the court "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is defined in the statute as "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). In a case against the United States, the time for filing an appeal expires 60 days after the entry of the judgment from which the appeal is taken. Fed. R. App. P. 4(a)(1)(B); *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Thus, an application for fees under the EAJA must be filed no later than 90 days after the entry of final judgment in the action. *Shalala v. Schaefer*, 509 U.S. 292 (1993). *Cf. Kadelski v. Sullivan*, 301 F.3d 399, 401-02 (3rd Cir. 1994) (holding that an application filed more than 90 days after an order of remand was not untimely where the District Court had not set forth the judgment in a separate, formal document).

---

[2] The parties had previously consented to disposition by a Magistrate Judge. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018); ECF No. 17.

In the case presently before this Court, the final judgment was formally entered in a separate document on January 14, 2022. Final Judgment, ECF No. 25. Thus, Plaintiff had 90 days from that date, or until April 14, 2022, in which to file the application for fees under the EAJA. Because Plaintiff's application was filed almost three years after that date, on February 14, 2025, her application for fees under the EAJA is untimely and must therefore be denied.

### III.    FEES UNDER 42 U.S.C. § 406(b)

Plaintiff's Motion also seeks an attorney fee under 42 U.S.C. § 406(b) in the amount of $ 14,000.00. Under the Social Security Act, a court may award "a reasonable fee for such representation . . . not in excess of 25 percent of the total of the past-due benefits. . . ." 42 U.S.C. § 406(b)(1). Contingency fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining an appropriate fee under the statute, a court must also consider such factors as the character of the representation and the results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. *Id*. at 807-08.

Following this Court's remand of the matter to the Commissioner, Plaintiff secured a favorable decision and was awarded past-due benefits totaling $ 56,000.00. Certification of Plaintiff's Attorney, ECF No. 26-1, PageID# 1561. Plaintiff's counsel seeks 25% of that award, for an attorney's fee of $ 14,000.00. *Id*. The contingency fee agreement executed by Plaintiff authorizes a fee of 25% of past-due benefits. Fee Agreement, ECF No. 26-2, PageID# 1565-66. Plaintiff's counsel represents that 57 hours of time was spent on Plaintiff's behalf before this Court in this case. Itemization of Services, ECF No. 26-2, PageID# 1564. The requested fee

therefore represents no more than 25% of the past-due benefits and compensation for Plaintiff's attorney at the rate of approximately $ 245.61 per hour.

This Court concludes that the requested fee is reasonable. Counsel's successful representation of Plaintiff clearly achieved good results. Moreover, there is no indication that Plaintiff's counsel was in any way responsible for delay. Finally, the benefits awarded to Plaintiff were not large in comparison to the time expended by counsel. *See Gisbrecht*, 535 U.S. at 808. Therefore, Plaintiff's counsel is entitled to the requested fee under 42 U.S.C. § 406(b).

**WHEREUPON**, Plaintiff's Motion for Attorney Fees, ECF No. 26, is **GRANTED in part and DENIED in part.**

**IT IS ORDERED** that an attorney's fee under 42 U.S.C. § 406(b) in the amount of $ 14,000.00, which represents 25% of the past-due benefits awarded to Plaintiff, be remitted to **ERICA J. MANDELL, Esq.,** Plaintiff's counsel, at 601 Bound Brook Rd., Suite 111, Middlesex, New Jersey 98846.

**IT IS FURTHER ORDERED** that Plaintiff's request for an attorney's fee under the Equal Access to Justice Act is **DENIED**.


Date: July 24, 2025                         *s/Norah McCann King*
                                            NORAH McCANN KING
                                            UNITED STATES MAGISTRATE JUDGE